# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-306V
Filed: February 27, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BRIAN TITE, | * | **NOT TO BE PUBLISHED** |
| | * | |
| Petitioner, | * | Special Master Zane |
| | * | |
| v. | * | Stipulation; influenza (flu) vaccine; |
| | * | Guillain-Barre Syndrome ("GBS") |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Isaiah Kalinowski*, Maglio, Christopher, and Toale, Sarasota, FL, for Petitioner
*Claudia Gangi*, United States Dep't of Justice, Washington, DC, for Respondent

## UNPUBLISHED DECISION[1]

On February 26, 2013, the parties in the above-captioned case filed a Stipulation memorializing their agreement as to the appropriate amount of compensation in this case. Petitioner alleged that he suffered from Guillain-Barre Syndrome ("GBS") as a consequence of his receipt of the influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and which he received on or about September 10, 2010. Petitioner alleges that he experienced the residual effects of this injury for more than six months. Petitioner also represents that there have been no prior awards or settlement of a civil action for these

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12 (d) (4); Vaccine Rule 18 (b).

damages. Petitioner seeks compensation related to his injuries pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34.

Respondent denies that the flu vaccine caused Petitioner's GBS or any other injury and denies that Petitioner's current disabilities are sequelae of his alleged vaccine-related injury. Nonetheless, the parties have agreed informally to resolve this matter. Stipulation, Appendix A hereto.

The undersigned hereby ADOPTS the parties' said Stipulation, attached hereto as Appendix A, and awards compensation in the amount and on the terms set forth therein. Specifically, Petitioner is awarded:

    a. **a lump sum of $220,000.00, in the form of a check payable to Petitioner; and**

    b. **a lump sum of $80,000.00, in the form of a check payable to petitioner and The Missouri HealthNet Division, Third Party Liability, P.O. Box 6500, Jefferson City, MO, 65102.**

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraph 8.a.

The Court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

    **IT IS SO ORDERED.**

s/ Daria J. Zane
Daria J. Zane
Special Master

---

[2] This document constitutes a final "decision" in this case pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). Unless a motion for review of this decision is filed within 30 days, the Clerk of the Court shall enter judgment in accordance with this decision. Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

BRIAN TITE, )
)
)
     Petitioner, )
)
   v. ) No. 11-306V
) Special Master Zane
SECRETARY OF HEALTH AND HUMAN )
SERVICES, )
)
     Respondent. )
)

## STIPULATION

The parties hereby stipulate to the following matters:

1. Brian Tite, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu immunization on September 10, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused his alleged Guillain-Barre Syndrome ("GBS").

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS, any other injury, or his current disabilities.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

a. A lump sum of $80,000.00 in the form of a check payable to petitioner and The Missouri HealthNet Division, Third Party Liability, P.O. Box 6500, Jefferson City, MO, 65102. Petitioner agrees to endorse this payment to the State of Missouri. This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Missouri may have against any individual as a result of any Medicaid payments the State of Missouri has made to or on behalf of Brian Tite from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about October 22, 2010, under Title XIX of the Social Security Act; and

b. A lump sum of $220,000.00 in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

2

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8 and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 10, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about May 13, 2011, in the United States Court of Federal Claims as petition No. 11-306V.

3

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflects a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that flu vaccine caused petitioner's alleged GBS, any other injury, or his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

4

Respectfully submitted.

PETITIONER:

*Brian Tite*

BRIAN TITE


ATTORNEY OF RECORD FOR
PETITIONER:

ISAIAH KALINOWSKI
MAGLIO CHRISTOPHER &
TOALE, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(888) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

CLAUDIA B. GANGI
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4138

Dated: 2 - 25 - 13

5